IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **PETER TERRY BELCHER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Miscellaneous No. 1:09-0029 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 27, 2009, Petitioner, a Virginia resident acting *pro se*, filed a single-page document entitled "United States District Court Citizens Complaint to Appear Before Grand Jury."[1] (Document No. 1.) Petitioner indicated in his Complaint that he is requesting that United States v. Belcher, Criminal No. 1:88-0094, be re-opened. (Id., ¶ 7.) It appears that Petitioner is contending that he pled guilty in United States v. Belcher believing that the charge to which he pled was a misdemeanor and not knowing that it was a felony and his conviction in that matter should be vacated. It further appears that Petitioner would present evidence to a grand jury of wrongdoing of officers who were involved in his prosecution in United States v. Belcher. Petitioner has also indicated that he is seeking the restoration of his rights to possess a firearm and vote. (Document No. 7, transcript of status conference, p. 11.) Petitioner has also requested that this matter be transferred to the United States District Court for the Western District of Virginia. (Document No. 8.) Because Petitioner is proceeding *pro se*, the matter is referred to the undersigned United States Magistrate

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Judge "for total pretrial management and submission of proposed findings of fact and recommendations for disposition . . .." (Document No. 2.) Petitioner has not paid a filing fee.

Having examined the file in United States v. Belcher, Criminal No. 1:88-0094, and Petitioner's Complaint and the other documents which he has filed in this matter and the applicable law, the undersigned finds that Petitioner has not produced evidence indicating a clear basis in fact and law for bringing criminal charges against others such that the District Court might in its supervisory capacity permit Petitioner to appear before a grand jury. The undersigned further finds no fundamental error in the record in United States v. Belcher, Criminal No. 1:88-0094, which might be a basis for the issuance of a Writ of Error *Coram Nobis* and no legal problem or defense which developed after Petitioner's conviction and might be the basis for the issuance of a Writ of *Audita Querela* invalidating Petitioner's conviction such that his rights might be restored. Finally, the undersigned finds that Petitioner, having been convicted of a felony, has not completed the requisite administrative process to obtain the restoration of his right to possess a firearm as specified in 18 U.S.C. § 925(c) and therefore the District Court is without subject-matter jurisdiction to consider Petitioner's request that his right to possess a firearm be restored. Additionally, pursuant to 18 U.S.C. § 925(c), venue is in the United States District Court for the District of Virginia where Petitioner resides when he has completed that process. Restoration of Petitioner's right to vote is a matter of State law. For these reasons, the undersigned recommends that the District Court deny Petitioner's request to transfer this matter to the District of Virginia and dismiss this matter.

## FACTUAL AND PROCEDURAL BACKGROUND

By five-Count Indictment filed on April 21, 1988, Petitioner was charged with knowingly and unlawfully possessing four firearms not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d)(Counts One, Two, Three and Five) and

knowingly and unlawfully possessing one firearm with a serial number which had been obliterated, removed, changed and altered in violation of 26 U.S.C. § 5861(h).[2] United States v. Belcher, Criminal No. 1:88-0094, Document No. 1. Petitioner entered a written agreement to plead guilty to Count Four of the Indictment on July 26, 1988. (Id., Document No. 38.) The written plea agreement stated as follows at Paragraph 7:

> The United States Attorney's Office for the Southern District of West Virginia agrees that it will not object to the defendant applying for a limited restoration of the defendant's firearm privileges, limited to permitting the defendant to continue to sell, pursuant to all applicable laws and regulations, firearms and ammunition at the defendant's family's place of business . . .. Relevant to this limited restoration of the defendant's firearm rights, the United States Attorney's Office for the Southern District of West Virginia represents that in its opinion, the defendant would not be likely to act in a manner dangerous to the public safety and that the granting of such a limited restoration of firearm rights would not be contrary to the public interest. It is understood that the decision as to whether or not the defendant's firearm privileges are restored is within the sole discretion of the Director, Bureau of Alcohol, Tobacco & Firearms, the Department of the Treasury.

Petitioner pled guilty to the charge contained in Count Four on August 2, 1988. (Id., Document Nos. 37 and 39.) Petitioner was sentenced on September 22, 1988, to a five year term of probation which included as a special condition that "the Defendant shall supply a complete list of firearms he owns and an account of their whereabouts to the Probation Officer[.]" (Id., Document No. 40.) The District Court also imposed a $1,500 fine and dismissed the remaining Counts of the Indictment. (Id.) Petitioner did not appeal his conviction or sentence. Petitioner's term of probation was terminated

---

[2] 26 U.S.C. § 5861(h) provides that "[i]t shall be unlawful for any person – * * * (h) to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered[.]" 26 U.S.C. § 5871 states that "[a]ny person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both."

early on February 12, 1992. (Id., Document No. 46.)³

As stated above, on February 27, 2009, Petitioner filed a single-page document entitled "United States District Court Citizens Complaint to Appear Before Grand Jury." (Document No. 1.) Petitioner indicated in his Complaint that he is requesting that United States v. Belcher, Criminal No. 1:88-0094, be re-opened. (Id., ¶ 7.) On April 13, 2009, Petitioner filed a Motion for Status Conference. Document No. 3.) Petitioner stated as follows in his Motion:

> I have come to the conclusion that a status conference may resolve this issue without court action. At the court's discretion, that in the Bluefield Court, we the people involved in the case should meet and let me state to them my side of the case. The United States Attorney Charles T. Miller (not one of his assistants) to explain his side, W Va. State Police Officer Retired Sam Lake, BATF Agent William G. Frangis, Doug Dean ATF Special Agent Charleston, and anyone else concerned.

Having difficulty understanding specifically what Petitioner was claiming from his Complaint and Motion, the undersigned held a status conference on Monday, April 27, 2009. (Document No. 7, Transcript of status conference.) In preparation for the status conference, the undersigned examined the Court's file in United States v. Belcher, Criminal No. 1:88-0094. At the status conference, Petitioner indicated that during proceedings in United States v. Belcher, he believed that he was charged with a misdemeanor offense and learned that he was charged with a felony after he entered a guilty plea. (Document No. 7, pp. 4, 16.) He indicated that an attorney acting in his behalf had requested the restoration of his constitutional rights through the ATF and for a period of time he believed that his constitutional rights had been restored. (Id., pp. 8, 9, 15.). Petitioner acknowledged

---

³ The file in *United States v. Belcher* contains a letter dated September 16, 1988, just prior to Petitioner's sentencing, from Federal Public Defender Hunt Charach to District Judge Hallanan indicating Petitioner's deep concern about the "perception that he will now be stamped by his fellow community members with the brand of a convicted felon." The file also contains a letter dated December 5, 1990, from Petitioner to District Judge Hallanan in which Petitioner states "[a]s a convicted felon, I have no rights."

that he is seeking the restoration of his constitutional rights in these proceedings. (Id., p. 11.)

On April 28, 2009, Petitioner submitted a letter and a copy of the following documents; (1) March 5, 2009, letter from the Virginia Department of State Police to the State Board of Elections stating that "[t]he Central Criminal Records Exchange (CCRE) of the Virginia State Police has confirmed that the above individual does not have a felony conviction in the State of Virginia."; (2) May 11, 1993, letter from attorney Phillip Scantlebury to the Bureau of Alcohol, Tobacco and Firearms stating that Petitioner "is presently under a firearms disability as a result of his felony conviction in the U.S. District Court for the Southern District of West Virginia. Mr. Peter Belcher was discharged from probation on February 12, 1992, and he would now like to have his firearms disability removed so that he may possess firearms for hunting and target practice purposes."; (3) election and registration information indicating that Petitioner voted in Tazewell County, Virginia, after his conviction; (4) April 2, 2009, letter from United States Congressman Rick Boucher to Petitioner indicating his opposition to gun control legislation; and (5) February 27, 2009, letter from United States Senator Jim Webb to Petitioner indicating that he was "contacting the Bureau of Alcohol, Tobacco, Firearms and Explosives for their consideration and response and have asked that they keep me informed of their progress in this matter." (Document No. 6.)

On June 19, 2009, Petitioner filed a letter addressed to the undersigned. (Document No. 8.) Petitioner requests that his plea in United States v. Belcher, Criminal No. 1:88-0094, be considered withdrawn and that he "be tried by jury for the original charges." Petitioner further requests that the undersigned withdraw from consideration of this matter and stated that "[i]f you cannot render a fair decision, please move this to the western district (Roanoke)."[4]

---

[4] 28 U.S.C. § 455(a) and (b)(1) provides as follows:

On June 19, 2009, Petitioner filed a letter stating that "I filed a request to appear before the Grand Jury. * * * I feel and hope to convince the Grand Jury through my investigation that fraud existed, and that the people involved should be criminally prosecuted for these acts." (Document No. 9.)

## DISCUSSION

### A. Petitioner's Request to Appear Before a Grand Jury.

"The general rule is . . . that an individual cannot bring accusations before a grand jury unless invited to do so by the prosecutor or the grand jury. A well-recognized exception to this rule is that the court in its supervisory power can authorize an individual to appear before a grand jury if it feels that the circumstances require." Application of Woods, 833 F.2d 113, 116 (8th Cir. 1987); Mitchell v. United States Department of Justice/Federal Bureau of Prisons, 2006 WL 3246102 (N.D.W.Va.). See also Sargeant v. Dixon, 130 F.3d 1067, (D.C.Cir. 1997)(Convicted felons lacked standing in *mandamus* to require United States Attorney to present information to grand jury respecting alleged misconduct during their prosecution because they failed to identify any cognizable injury.) The District Court may permit an individual to appear before a grand jury when there is "a clear basis in

---

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(B) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

The Fourth Circuit has stated that the question a Judge must ask when his or her disqualification is requested is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 655 (4th Cir. 2003). The undersigned finds that a reasonable person having considered the record in this case would find no basis for questioning the undersigned's impartiality, no indication of personal bias or prejudice toward Petitioner or personal knowledge of evidentiary facts in dispute in this case. The undersigned will therefore not withdraw from consideration of this matter as Petitioner requests.

fact and law . . ..” Application of Woods, 833 F.2d at 116.

Petitioner has given little indication respecting the circumstances which he would present to a grand jury evidencing the criminal misconduct of officers involved in his prosecution in United States v. Belcher. Based upon the record in United States v. Belcher and this matter, the undersigned finds no circumstance indicating a clear basis in fact and law for criminal charges against those officers. Petitioner's request to appear before a grand jury must therefore be denied.

### B. Petitioner's Request that his Constitutional Rights be Restored.

Petitioner's rights may be restored either through the invalidation of his 1988 conviction through collateral proceedings or legal authorization.

#### 1. Invalidation of Petitioner's 1988 Conviction through Collateral Proceedings.

Considering Petitioner's documents and statements liberally as the Court must in view of Petitioner *pro se* status, they may be construed as requesting the invalidation of his 1988 conviction through collateral proceedings, i.e., proceedings beyond direct appeal. 28 U.S.C. § 2255 provides for collateral relief for persons who remain "in custody." The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Collateral relief is available to persons who have completed their sentences and are therefore not in custody under very limited circumstances through Writs of Error *Coram Nobis* and Writs of *Audita Querela* issued under 28 U.S.C. § 1651, the All Writs Act. The United States Supreme Court explained in Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34, 43,

106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985), as follows:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Writs of Error *Coram Nobis* provide "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 66, 89 - 90 (2nd Cir. 1998); see also United States v. Mandanici, 205 F.3d 519, 524 (2nd Cir. 2000). "[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000), cert. denied, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). The Supreme Court reiterated in Carlisle v. United States, 517 U.S. 416, 428 - 429, 116 S.Ct. 1460, 1468, 134 L.Ed.2d 613 (1996), from its note in United States v. Smith, 331 U.S. 469, 475, fn. 4, 67 S.Ct. 1330, fn.4, 91 L.Ed. 1610 (1947), that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate."

Proceedings may be held in *coram nobis* to consider errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). They may not, however, supplant proceedings under Section 2255, United States v. Barrett, 178 F.3d 34, 55, (1st Cir. 1999), cert. denied, 528 F.2d 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000), or be utilized to re-litigate issues raised on direct appeal or under Section 2255. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003); Sun v. United States, 342 F.Supp.2d 1120, 1126 (N.D.Ga. 2004), aff'd, 151 Fed. Appx. 860 (11th Cir. 2005), cert. denied, 546 U.S. 1200, 126 S.Ct. 1399, 164 L.Ed.2d 100 (2006)("A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable"). Thus, before considering a request for

relief in *coram nobis* on its merits, the Court must determine whether the request is properly before the Court and may refuse to consider the request if it is not. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003). Adopting "the same analytical framework when ruling on the propriety of current coram nobis petition as when analyzing successive habeas corpus petition", the Court in Durrani stated that "the court will refuse to entertain a coram nobis petition if: (1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." Durrani v. United States, 294 F.Supp.2d at 210; see also Shepis v. United States, 2008 WL 474237, * 6 (D.S.C.). When the District Court has determined that it is appropriate to consider a request for relief in *coram nobis* on the merits, the District Court may grant *coram nobis* relief if the petitioner demonstrates that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate early relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming v. United States, 146 F.3d at 90, quoting Foont v. United States, 93 F.3d 76, 79 (2nd Cir. 1996)(internal quotation marks, citations and alterations omitted); see also Hanan v. United States, 402 F.Supp.2d 679, 684 (E.D.Va. 2005), stating that "to obtain *coram nobis* relief, [a petitioner] must show (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to follow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion." "[A] court reviewing a petition for a writ of *coram nobis* to vacate a conviction must presume that

9

the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner. And, that burden is substantial, exceeding that of a habeas petitioner." Hanan v. United States, 402 F.Supp.2d at 684. A Writ of Error Coram Nobis may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). "[N]ewly discovered evidence does not constitute a fundamental error sufficient to justify coram nobis relief." Sun v. United States, 342 F.Supp.2d 1120 at 1127. The mere allegation that prosecutors withheld exculpatory evidence does not support *coram nobis* consideration. Durrani v. United States, 294 F.Supp.2d at 215 - 216.

Writs of *Audita Querela* are available when there is a legal objection to a conviction which has arisen after sentencing for which there is no other remedy. United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va.), quoting United States v. LaPlante, 57 F.3d 252, 253 (2nd Cir. 1995). As Writs of Error *Coram Nobis*, Writs of *Audita Querela* may be issued "only to the extent that they 'fill the gaps' in the current system of federal post-conviction relief." United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va.), quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997).

Having thoroughly examined the record in United States v. Belcher and considered the documents and information which Petitioner has filed and statements which he has made in this matter, the undersigned finds no circumstance even remotely indicating a fundamental error in Petitioner's prosecution such that relief may be available in *coram nobis*. Petitioner indicates that he entered his guilty plea to Count Four of the Indictment without knowing that the charge contained in that Count was a felony. Assuming that Petitioner actually did not know that he was pleading to a felony when he did so, it is clearly evident that he knew it by the time he was sentenced, and he could have presented the issue on appeal and in collateral proceedings. Relief in *coram nobis* is not available under these circumstances. The undersigned further finds that no legal development

occurred following Petitioner's conviction which might undermine Petitioner's conviction and make relief in *audita querela* available. There being no cognizable basis for invalidating United States v. Belcher, the undersigned finds no reason to re-open it.

### 2. Restoration of Petitioner's Rights Through Legal Authorization.

#### a. Petitioner's Right to Possess a Firearm.

18 U.S.C. § 925(c) provides that application must be made in the first place to the Attorney General[5] for relief from a firearm disability and only upon the Attorney General's denial may the applicant seek review in the District Court where he or she resides. 18 U.S.C. § 925(c) states as follows:

> A person who is prohibited from possessing . . . firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the . . . possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

See Saccacio v. Bureau of Alcohol, Tobacco & Firearms, 211 F.3d 102, 104 (4th Cir. 2000)(affirming District Court's conclusion that it was without subject-matter jurisdiction to consider petition for review when ATF had failed to consider petitioner's application because "section 925(c) authorizes judicial review of only the denial of an application for relief . . .."); United States v. Carte, 122 F.Supp.2d 702 (S.D.W.Va. 2000)(District Judge Haden).

---

[5] 18 U.S.C. § 925(c) was amended in 2002 to require that persons apply to the Attorney General for relief from firearm disability. Prior to the amendment, persons were required to apply to the Secretary of Treasury who delegated authority to the Bureau of Alcohol, Tobacco and Firearms to consider applications. *United States v. Law*, 2004 WL 1179457, * 1 at fn. 2 (S.D.W.Va.)(District Judge Hallanan).

Petitioner has indicated that he attempted to have his right to possess a firearm restored by contacting the Bureau of Alcohol, Tobacco and Firearms and has submitted the 1993 letter of Mr. Scantlebury to that agency in this regard. It is further evident that Petitioner has contacted his congressional representatives as well. Petitioner has not received a denial of his request. Until he does so, he has no recourse in this or any other District Court as no District Court has subject-matter jurisdiction under Section 925(c) until Petitioner receives an administrative denial.[6] In any event, if and when he receives such a denial, he must proceed in the District Court in the District in which he reside, Virginia.

### b.    Petitioner's Right to Vote.

Virginia law applies respecting Petitioner's right to vote. The United States Supreme Court has recognized that Virginia is among the States which have no procedure for restoring civil rights. Beecham v. United States, 511 U.S. 368, 373, 114 S.Ct. 1669, 1672, 128 L.Ed.2d 383 (1994). The Fourth Circuit Court of Appeals stated in United States v. Wagner, 43 F.3d 1469, 1994 WL 706126, * 2 (C.A.4(W.Va.)). that in Virginia "a convicted felon qualifies to vote only if his civil rights have been restored by the Governor or other appropriate authority." This District Court does not, therefore, have jurisdiction to consider Petitioner's request that his right to vote in Virginia be restored.

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's request to transfer this matter to the Western District of Virginia (Document No. 8.) and **DISMISS** this case and remove it from the docket of the District Court.

---

[6] Transfer is therefore not appropriate as Petitioner requests.

Petitioner is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding Chief United States District Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

Date: June 25, 2009.

R. Clarke VanDervort
United States Magistrate Judge